NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

VERONICA IMOGENE JAMES, *Appellant.*

No. 1 CA-CR 23-0399
FILED 4-9-2024

Appeal from the Superior Court in Yavapai County
No. S1300CV202300550
The Honorable John David Napper, Judge

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Krista Wood
*Counsel for Appellee*

Musgrove Drutz Kack & Gautreaux, PC, Prescott
By Jeffrey Gautreaux, Joseph C. Butner, IV
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

**F U R U Y A**, Judge:

¶1        Veronica James appeals the superior court's denial of her petition to restore her civil rights for lack of jurisdiction. Because James's petition was untimely, we lack jurisdiction to address the merits of her appeal and therefore dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2        In September 2018, Veronica James was convicted in federal court for possession of methamphetamine with intent to distribute. This conviction resulted in the loss of her civil rights, including her right to own firearms. James was imprisoned for one year and then placed on supervised release for 36 months.

¶3        In July 2023, James petitioned the superior court to restore her civil rights pursuant to Arizona Revised Statutes ("A.R.S.") §§ 13-906, -907, -908, and -910. On July 18, 2023, the superior court denied her petition, stating that it lacks jurisdiction to restore her rights lost from a federal offense. On August 11, 2023, 24 days after the judgment was filed, James appealed.

## DISCUSSION

¶4        "We have an independent obligation to examine our jurisdiction over an appeal and lack jurisdiction over an untimely appeal." *Jurju v. Ile*, 255 Ariz. 558, 561 ¶ 10 (App. 2023) (internal citations omitted). The right to appeal is constrained by statute. *State v. Gahary*, 252 Ariz. 21, 22 ¶ 5 (App. 2021).

¶5        Here, James incorrectly appealed under A.R.S. § 12-2101(A)(5)(d), which permits a person declared mentally ill to appeal a denial of a petition to restore one's right to possess a firearm. Because no evidence in the record shows that James's firearm rights were lost as a result of mental illness, we cannot assume jurisdiction under § 12-2101(A)(5)(d). Instead, "our courts have largely treated an action for a restoration of rights

after a criminal conviction as a criminal proceeding, implicitly treating them as orders appealable under A.R.S. § 13-4033(A)(3)." *State v. Perry*, 245 Ariz. 310, 311 ¶ 3 (App. 2018). Thus, as the equivalent of a criminal proceeding, Arizona Rule of Criminal Procedure 31.2 sets the applicable deadline for appeal. That Rule requires "notice of appeal from a judgment or order . . . be filed no later than 20 [calendar] days after entry of the judgment or order." Ariz. R. Crim. P. 31.2(a)(2)(B). *See* Ariz. R. Crim. P. 1.10(a)(3). James's appeal was four days untimely, and so we lack jurisdiction to reach its merits. *Jurju*, 255 Ariz. at 561 ¶ 10.

**¶6**        The State correctly points out that A.R.S. § 13-908(D) authorizes the superior court to consider and restore a person's civil rights if "lost or suspended as a result of a felony conviction in . . . a United States district court." Yet despite this confession of error, we are still precluded from proceeding as a confession of error is not sufficient to confer jurisdiction over James's untimely appeal. *See Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 596 ¶ 21 (App. 2009) ("Parties cannot, by agreement or consent, confer subject matter jurisdiction on a court where it would not otherwise exist."); *Jurju*, 255 Ariz. at 561 ¶ 10 (declining jurisdiction over untimely appeal).

**¶7**        However, our dismissal of James's appeal is without prejudice because the superior court's "dismissal for lack of subject-matter jurisdiction does not constitute a judgment on the merits." *Magellan Health, Inc. v. Duncan in & for Cnty. of Maricopa*, 252 Ariz. 400, 402 ¶ 1 (App. 2021). Thus, the superior court's order cannot have preclusive effect as to James's claim for restoration of her civil rights. *See e.g., id.* at 403 ¶ 9 (stating that claim preclusion requires, among other things, "a final decision on the merits"); *State v. Whalen*, 208 Ariz. 168, 172 ¶¶ 12–13 (App. 2004) (explaining issue preclusion is used sparingly in criminal cases and requires a valid and final judgment on the merits).

**CONCLUSION**

**¶8**        For the foregoing reasons, we dismiss James's appeal without prejudice.